MELVILLE v. McAVOY.

(Supreme Court, Appellate Term. January 5, 1912.)

COURTS (§ 189*)—NEW YORK MUNICIPAL COURT—PROCESS—PROOF OF SERVICE.
  Proof of service of summons in an action in the Municipal Court of New York, borough of Manhattan, not sworn to before a notary authorized to act in New York county, is insufficient to support a default judgment against a direct attack by appeal on the ground that no service was made on defendant.
  [Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Anna G. Melville against Catherine McAvoy. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

James E. Finegan, for appellant.
William W. Cantwell, for respondent.

SEABURY, J. This is an appeal from a judgment entered against the defendant. The appeal is taken under section 311 of the Municipal Court act (Laws 1902, c. 580), on the ground that the defendant was not served with process. The defendant swears that she was not served. An affidavit of the defendant's husband is submitted, which corroborates the defendant's statement. Against these affidavits is a statement made by one Casey that he served the summons in this action on the defendant. This statement was not sworn to before a notary public authorized to act in New York county. It fol-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

lows that the proof of service was defective and insufficient to justify the entry of judgment upon it.

The judgment is reversed, and the complaint is dismissed, with costs to the appellant. All concur.